IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **SARA FOSTER, as the personal representative of the Estate of TERRY L. FOSTER, deceased** : :  :  : **Plaintiff** : **v.** : : : **BNSF RAILWAY COMPANY, f/k/a Burlington Northern and Santa Fe Railway Company** : : : : **Defendant** : | NO. 8:17-cv-00410 JURY TRIAL DEMANDED |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., and the Federal Boiler Inspection Act/Locomotive Inspection Act which grants this Court jurisdiction over this action.

2. Plaintiff, Sara Foster, is an adult individual residing at 411 Boyle Avenue, Stretton, Nebraska 69043, who is the widow of Terry L. Foster and the representative of his Estate.

3. Plaintiff's husband, Terry L. Foster, died October 13, 2016.

4. Plaintiff is acting as the Personal Representative of the Estate of her late husband, Terry L. Foster.

5. Defendant, BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railway, and successor in interest to Burlington Northern Railroad and the Atchison, Topeka and Santa Fe Railway, amongst other acquired railroads, (hereinafter collectively as "BNSF") was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states

of the United States.

6. Defendant, BNSF Railway Company, maintains its principal place of business at 2650 Lou Menk Drive, Fort Worth, Texas 76131.

7. Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

8. From 1974 to 2005, the Plaintiff's decedent was employed by Defendant railroad as a trackman/laborer and was acting in the course and scope of his employment with Defendant, and was engaged in the furtherance of interstate commerce within the meaning of said Act.

9. Specifically, Plaintiff's decedent worked for the Defendant railroad out of its McCook Yard in McCook, Nebraska from which he was deployed as a member of a tie gang to various points on the Defendant's track system.

10. During the course and scope of his career with the Defendant railroad, as described above, and while working in the Defendant's yards, buildings, and along its rights of way, Plaintiff's decedent was exposed to various toxic substances and carcinogens including but not limited to: diesel fuel/exhaust, benzene, creosote, manganese and rock/mineral dust and fibers.

11. Specifically, while repairing track and replacing ties the Plaintiff's decedent was exposed to creosote from the rail ties, chemical defoliants used on the rights-of-way, rock/mineral dust from the ballast, asbestos from rail car/locomotive brake shoes, diesel fuel/fumes/benzene from diesel locomotive exhaust and exhaust from on-track machinery, manganese, heavy metals and other chemicals used by the Defendant's track department to weld the rails and; spilled or leaking chemicals from overfilled or poorly maintained freight cars.

12. Plaintiff's decedent's exposure to the above referenced toxic substances and

known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of multiple myeloma and colon cancer.

13. Plaintiff's decedent's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location and the precise jobs he was assigned to.

14. The Plaintiff's decedent's cancer and related diseases are the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

15. Defendant's negligence consisted of:

(a) Failed to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work as required by the FELA;

(b) Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to toxic materials and carcinogens;

(c) Failed to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(d) Failed to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(e) Failed to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways

(f) Failed to periodically test employees such as the Plaintiff for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff's decedent as to the test results;

  (g) Failed to warn the Plaintiff's decedent of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

  (h) Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff's decedent, to carcinogens;

  (i) Failed to provide the Plaintiff's decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens, and;

  (j) Failed to provide the Plaintiff's decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

16. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

17. As a direct result of the negligence of the Defendant, the Plaintiff's decedent experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

18. As a result of the negligence of the Defendant, Plaintiff's decedent sustained a loss of future benefits including loss of pension benefits due to his premature death on October 13, 2016.

19. Plaintiff's decedent suffered from a fear of death as a result of his cancer.

20. Plaintiff, Sara Foster, seeks all damages recoverable under the FELA.

21. Plaintiff's decedent was never informed as to the cause of his cancer.

22. Less than three (3) years before Plaintiff's Complaint was filed she first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, Sara Foster, demands judgment against the Defendant, BNSF Railway Company, in a sum in excess of ONE HUNDRED FIFTY THOUSAND

DOLLARS ($150,000.00) and the costs of this action.

                                                              BERN CAPPELLI

Dated: October 24, 2017                    BY: /s/ Shawn M. Sassaman
                                                      SHAWN M. SASSAMAN
                                                      Attorney for Plaintiff
                                                      101 West Elm Street
                                                      Suite 215
                                                      Conshohocken, PA  19428
                                                      (610) 941-4444
                                                      (610) 941-9880 fax